## Case No. 10,410.

### The OCEAN QUEEN.

[5 Blatchf. 493.] [1]

Circuit Court, S. D. New York.  Sept. 18, 1867. [2]

COLLISION—MEASURE OF DAMAGES—VALUE OF CARGO.

The rule for damages for the loss of cargo by a collision, is not the market value of the cargo at the port of destination, or any general increased market value thereof that took place between the time of the shipment and the time of the collision. The proper rule is the value of the cargo at the port of shipment, and all expenses of lading it on board and transporting it to the place of collision, and interest at the rate of six per cent. per annum from the time of the collision.

[Cited in The Mary J. Vaughan, Case No. 9,-217; The Baltic, Id. 824; The Aleppo, Id. 158; Dyer v. National Steam-Nav. Co., Id. 4,225.]

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in rem, filed in the district court, by the owners of the schooner J. L. Darling, and the owners of her cargo, against the steamship Ocean Queen, to recover damages for a collision which occurred between the two vessels at a little after eight o'clock, p. m., on the 12th of January, 1863, some eight or nine miles off, and southward of, Barnegat light. The steamship was on her way down the coast, on a voyage from New York to Aspinwall. The schooner was on her way from Baltimore to Providence, Rhode Island. The district court decreed for the libellants [Case No. 10,408a], and the claimants appealed to this court.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirming Case No. 10,408a.]

Joseph H. Choate, for libellants.
Charles A. Rapallo, for claimants.

NELSON, Circuit Justice. I see no ground, on the proofs, for disturbing the decree in favor of the schooner and her cargo. The only question worthy of notice is that of damages in respect to the cargo. The owners of the cargo claim that they are entitled to the market value of the cargo, consisting of flour, corn, and feed, at the port of destination, Providence, or, at least, to the general increased market value that took place between the time of the shipment at Baltimore, and the time of the collision. The court below held, that the damages should be ascertained from the value of the goods at the port of shipment, including all expenses of transportation to the place of collision, and of the lading of the cargo on board, &c., together with interest, at the rate of six per cent. per annum, from the time of the collision. [Case No. 10,409]. This is the rule, substantially, as settled in the case of The Anna Maria, 2 Wheat. [15 U. S.] 327, and in Smith v. Condry, 1 How. [42 U. S.] 28, 35, as governing in all cases of marine torts. See, also, The Lively [Case No. 8,403].

The decree below is affirmed.

[NOTE. Subsequently claimant applied for an order that a commission issue to examine certain witnesses, depositions to be used on appeal. Case No. 10,411. An appeal was taken to the supreme court by Cornelius Vanderbilt on November 25. 1867. The appeal was dismissed by stipulation of counsel, May 18, 1868, under Sup. Ct. Rule 29.]